# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |
|---|---|
| CARGYLE BROWN SOLOMON, | * |
| Plaintiff, | * |
| v. | * Civil Case No.: PWG-13-2436 |
| SHAREESE KESS-LEWIS, *et al.*, | * |
| Defendants. | * |

## MEMORANDUM AND ORDER TO SHOW CAUSE

Petitioner Cargyle Brown Solomon filed this self-represented habeas corpus petition, ECF No. 1, together with a Motion for Leave to Proceed in Forma Pauperis, ECF No. 2, on August 20, 2013. Respondents Shareese Kess-Lewis and Randolph T. Lewis are the foster parents of Petitioner's biological children.

### 1. MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Under 28 U.S.C. § 1915, an indigent litigant may commence an action in federal court without prepaying the filing fee. I have reviewed the Application filed with Petitioner's Motion, ECF No. 2. Petitioner is divorced and unemployed. *Id.* She has $49 in her checking account, a home valued at approximately $70,000, and a vehicle valued at $1,000. *Id.* Her income derives solely from gifts and government assistance. *Id.* Accordingly, Petitioner's Motion for Leave to Proceed in Forma Pauperis shall be granted. In light of Petitioner's indigency status, the United States Marshal shall effect service of process on Defendants. *See* Fed. R. Civ. P. 4(c)(2). However, it does not appear Petitioner has furnished a U.S. Marshal service of process form for each named Respondent in this case. Until Petitioner cures this problem, service shall not be

issued.  The Clerk shall mail two copies of the Marshal form to Petitioner, who must complete and return them to the Clerk within fourteen (14) days from the date of this Order.  Once the forms are received, the Clerk and the U.S. Marshal are directed to take all necessary steps to effectuate service of process.

2.  **INJUNCTION AGAINST RELATED VEXATIOUS LITIGATION**

Solomon's children were placed in the guardianship and custody of Respondents prior to 2009.  This is the sixth of seven related actions filed in this District by Solomon surrounding the termination of her parental rights.  The cases are styled as *Solomon v. Prince George's Cnty. Child Protective Servs.*, No. PJM-09-1000 (D. Md. filed Apr. 20, 2009); *Solomon v. Dawson*, No. PWG-13-1951 (D. Md. filed July 3, 2013); *Solomon v. Kess-Lewis*, No. PWG-13-1952 (D. Md. filed July 3, 2013); *Solomon v. Dawson*, No. PWG-13-1953 (D. Md. filed July 3, 2013); *Solomon v. Kess-Lewis*, No. PWG-13-2242 (D. Md. filed Aug. 1, 2013); *Solomon v. Kess-Lewis*, No. PWG-13-2436 (D. Md. filed Aug. 20, 2013); and *Solomon v. Kess-Lewis*, No. JKB-13-2632 (D. Md. filed Sept. 9, 2013).  Also, Petitioner appealed the original temporary guardianship decision by the Maryland Office of Administrative Hearings to remove Petitioner's children, and the Circuit Court for Prince George's County affirmed the decision on May 21, 2010.[1]  *See* Docket, *Solomon v. PG Cnty. Dep't of Soc. Servs.*, No. CAL09-17353 (Md. Cir. Ct. PG Cnty. filed June 15, 2009).[2]  Petitioner appealed to the Maryland Court of Special Appeals, which

---

[1] The Court takes judicial notice of the dockets of the state proceedings cited in this Memorandum and Order.  *See Schultz v. Braga*, 290 F. Supp. 2d 637, 651 n.8 (D. Md. 2003) (quoting *Watterson v. Page*, 987 F.2d 1, 3–4 (1st Cir. 1993)).

[2] *Available at* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=CAL0917353&detailLoc=PGV.

summarily dismissed the appeal on May 8, 2012. *See id.* (Collectively, the "Prince George's County Child Custody Proceedings.")

She has filed at least two actions in the Superior Court of the District of Columbia to modify the Prince George's County Child Custody Proceedings. *See* Docket, *Solomon v. PG Cnty. Dep't of Soc. Servs.*, No. 2012 CA 003762 (D.C. Super. Ct. filed Apr. 30, 2012) (naming twenty defendants);[3] Docket, *Solomon v. Prince George's Cnty. Office of Law*, No. 2012 CA 009116 (D.C. Super. Ct. filed Dec. 5, 2012) (naming six defendants).[4] Both actions named the Respondent foster parents named in this action. She appealed the denial of her motion in *Solomon v. PG Cnty. Dep't of Soc. Servs.*, No. 2012 CA 003762, to the District of Columbia Court of Appeals, which summarily affirmed the dismissal on March 21, 2013. *See id.*

On April 11, 2013, the Circuit Court for Prince George's County, Maryland, in *In re: J.S.*, No. CINA-07-0032 (Md. Cir. Ct. PG Cnty.), made permanent Respondents' custody of Petitioner's children. Since that decision, Petitioner has continued to sue every party involved in the case in multiple jurisdictions. In this District alone, Petitioner has sued the Prince George's County Child Protective Services, County Attorney Theresa McDonough, her own Legal Aid Attorneys Mary Garner and Amy Petkovsek, and guardian ad-litem Howard Wilson. *See* Docket, *Solomon v. Prince George's Cnty. Child Protective Servs.*, No. PJM-09-1000. She has filed four separate suits against the Respondents in this Court, *see* Compl., *Solomon v. Kess-Lewis*, No. PWG-13-1952; Compl., *Solomon v. Kess-Lewis*, No. PWG-13-2242; Pet., *Solomon v.*

---

[3] *Available at* https://www.dccourts.gov/cco/maincase.jsf;jsessionid=7zMnSFvB54X5GHR5g2bLMMv2XcDHngl7G2GY593nNqcldKQRLHxG!457630844.

[4] *Available at* https://www.dccourts.gov/cco/maincase.jsf;jsessionid=7zMnSFvB54X5GHR5g2bLMMv2XcDHngl7G2GY593nNqcldKQRLHxG!457630844.

*Kess-Lewis*, No. PWG-13-2436; Pet., *Solomon v. Kess-Lewis*, No. JKB-13-2632, and two against the State Circuit Court Judge, the Honorable Herman Dawson, *see* Compl., *Solomon v. Dawson*, No. PWG-13-1951; Compl., *Solomon v. Dawson*, No. PWG-13-1953. These actions include a RICO Act claim, two civil rights complaints, two False Claims Act complaints, and two habeas corpus petitions. All of these suits, except this pending petition, have been dismissed for lack of merit.

To protect against possible abuses of the privilege to proceed without paying filing fees—to proceed in Forma Pauperis—the statute mandates that a district court "shall dismiss" a case upon a finding that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Further, "'it is black-letter law that a federal court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction.'" *El v. Barner*, No. RWT-13-416, 2013 WL 597600, at *1 (D. Md. Feb. 14, 2013) (quoting *McCulloch v. Vélez*, 364 F.3d 1, 5 (1st Cir. 2004)); *see* Fed. R. Civ. P. 12(h)(3).

The complaints of self-represented litigants are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a self-represented litigant to allow the development of a potentially meritorious case, *see Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Liberal construction does not mean a court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684

4

(2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

The other six of the seven cases that Petitioner has filed in this Court have been dismissed *sua sponte* because the Court lacked subject matter jurisdiction. In one of the other actions against these Respondents, this Court ruled as follows:

> Solomon seeks return of her daughter from state foster care. This court is without jurisdiction to review state child-custody determinations brought through a habeas application. *See Lehman v. Lycoming Cnty. Children's Servs. Agency*, 458 U.S. 502 (1982). The *Lehman* Court held that children in foster care are not in the "custody" of the state within the meaning of §§ 2241 or 2254. *Id.* at 510–11. Rather, children in foster care are "in the 'custody' of their foster parents in essentially the same way, and to the same extent, other children are in the custody of their natural or adoptive parents." *Id.* at 510. Accordingly, they do not suffer restraint on their liberty or collateral consequences as those terms are used in habeas case law sufficient to outweigh the need for finality of state custody determinations. *Id.* at 510–11. "The 'custody' of foster or adoptive parents over a child is not the type of custody that traditionally has been challenged through federal habeas." *Id.* That Solomon's parental rights have not been terminated, does not alter the outcome. *See Middleton v. Attys Gen. of States of N.Y., Pa.*, 396 F.3d 207, 210 (2d Cir. 2005) ("The rationale of 'Lehman' does not, however, turn on [whether parental rights have been terminated but rather], focus[es] narrowly on the nature of the 'custody' at issue instead.").

Mem. 2–3, *Solomon v. Kess-Lewis*, No. JKB-13-2632 (D. Md. Sept. 26, 2013). Petitioner filed motions to reconsider dismissal in the two cases against Judge Dawson, which I denied. *See* Mem. Op., *Solomon v. Dawson*, No. PWG-13-1951 (D. Md. Aug. 30, 2013); Mem. Op., *Solomon v. Dawson*, No. PWG-13-1953 (D. Md. Aug. 30, 2013). This Petition is the last pending case as of the date of this Order.

Each of these ten actions, filed in three different jurisdictions, arises from or relates to the Prince George's County Child Custody Proceedings. This Court clearly has explained to Petitioner why her continued attempts to review these matters of state family law may not proceed in this Court. *See* Mem. Op. 2–4, *Solomon v. Prince George's Cnty. Child Protective*

5

*Servs.*, No. PJM-09-1000 (D. Md. Apr. 23, 2009).[5] Each of Petitioner's cases in this District has been without merit, without a good-faith basis, and the continued filing of unmeritorious cases is without doubt vexatious.

Under the All Writs Act, 28 U.S.C. § 1651(a), this Court has the authority to issue a prefiling injunction against vexatious and repetitive litigants. *See Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). A litigant's access to the courts may be limited in "exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.* at 817–18 (citing *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993)). A district court may issue a prefiling injunction to limit a litigant's access after properly weighing the following factors:

> (1) the party's history of litigation, in particular whether [s]he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Id.* at 818 (citing *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

If a district court determines that a prefiling injunction is warranted after balancing these factors, the injunction must be "narrowly tailored to fit the specific circumstances at issue." *Thomas v. Fulton*, 260 F. App'x 594, 596 (4th Cir. 2008) (citations omitted). In other words, an injunction may not be broader than necessary to address the vexatious litigation so that it otherwise preserves a litigant's access to the courts. *Cromer*, 390 F.3d at 819 (holding that a court must afford a litigant notice and an opportunity to be heard prior to issuing a prefiling injunction); *see also Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980) (noting that a

---

[5] Citing *Moore v. Sims*, 442 U.S. 415, 435 (1979); *Ankenbrandt v. Richards*, 504 U.S. 689, 701–05 (1992); *Colo. River Water Conserv. Dist. v. United States*, 424 U.S. 800, 814 (1976); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281 (2005).

prefiling injunction, especially against *pro se* litigants, is "very much the exception to the general rule of free access to the courts.").

Petitioner has become a substantial burden on judicial resources. In addition to instituting vexatious, malicious, frivolous, or meritless litigation in multiple cases, Petitioner has filed and continues to file excessive and lengthy paper documents in her cases, regardless of whether the case is still active or whether the documents are necessary to resolve a matter pending before the Court. With each new document filed, the Clerk must review, docket, and file the material and the Court must spend considerable time reviewing her lengthy filings only to conclude either the material is meritless, vexatious, or malicious in nature. In several cases, the Court has been asked to review hundreds of pages of personal information about Petitioner's children because she did not realize federal court dockets are matters of public record. The Clerk then must spend substantial time correcting Petitioner's mistakes in redacting her children's personal information.

Consistent with the notice and response requirements of *Cromer*, 390 F.3d at 819, Petitioner is advised that I am inclined to enjoin her from instituting any new civil cases, habeas corpus petitions, and from filing any new documents in any existing case in this Court arising from or relating to the Prince George's County Child Custody Proceedings without the preapproval of a judicial officer of this Court. Should I confirm these preliminary findings, I will direct the Clerk to refer any future filings by Petitioner to a judicial officer of this Court for review before entering them on the docket. Absent prior approval by a judicial officer to enter a new filing on the docket, the Clerk will be directed to dispose of the new filing without additional action. Petitioner is advised that nothing in a contemplated injunction will be construed as limiting her ability to defend herself in any matter before this Court.

### 3. CONCLUSION

Accordingly, it is, this 30th day of September, 2013, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Petitioner Cargyle Brown Solomon's Motion for Leave to Proceed in Forma Pauperis, ECF No. 2, IS GRANTED;

2. The Clerk SHALL MAIL a copy of this order, together with two copies of the U.S. Marshal service of process form, to Petitioner;

3. Petitioner IS GRANTED fourteen (14) days from the date of this order in which to complete the U.S. Marshal forms and return them to the Clerk.  Petitioner IS CAUTIONED that the failure to return the completed U.S. Marshal forms in a timely and complete manner may result in the dismissal of this case without prejudice and without further notice from the court;

4. Upon receipt of the U.S. Marshal forms, the Clerk SHALL ISSUE summons, Petition, the U.S. Marshal form and a COPY OF THIS ORDER to the U.S. Marshal; and

5. The U.S.  Marshal IS DIRECTED to effectuate service of process on Respondents at the addresses provided by Petitioner.  If the U.S. Marshal uses U.S. Postal Service delivery to affect service on Respondents, it shall do so by RESTRICTED DELIVERY, CERTIFIED MAIL.

6. Petitioner Cargyle Brown Solomon SHALL FILE a written response within fourteen (14) days of the date of this Order to show cause why she should not be enjoined from filing future actions in this District arising from or relating to the Prince George's County Child Custody Proceedings without the preapproval of a judicial officer of this Court;

7. Following receipt of Petitioner's response, the Clerk SHALL MAIL a copy of that filing to Respondents;

8. Respondents then ARE PERMITTED to file a written opposition to Petitioner's response within fourteen (14) days;

9. Following receipt of Respondents' opposition, the Clerk SHALL MAIL a copy of that filing to Petitioner;

10. Petitioner then IS PERMITTED to file a written reply to Respondents' opposition within seven (7) days;

11. Following receipt of Petitioner's reply, the Clerk SHALL MAIL a copy of that filing to Respondents; and

12. All parties SHALL APPEAR for a hearing before the undersigned at 9:30 AM on Monday, November 25, 2013, in Courtroom 4B, United States Courthouse, 6500 Cherrywood Lane, Greenbelt, Maryland 20770.

                                            /S/
                                    Paul W. Grimm
                                    United States District Judge

jwr